This suit was instituted by plaintiffs, K. C. Bonner, Ottomese Fleming, Lela Mae Fleming and Louis J. Tanner, against the defendant, Ouachita Baking Company, its several partners and their liability insurer, for the recovery of damages sustained as the result of personal injuries suffered in an automobile accident. After trial there was judgment against all of the defendants, in solido, in favor of plaintiff, K. C. Bonner, in the sum of $7,566.65; in favor of plaintiff, Lela Mae Fleming, in the sum of $1,691.15; in favor of Enos H. Fleming, for the use and benefit of his minor child, Ottomese Fleming, in the sum of $170.50; and in favor of Louis J. Tanner in the sum of $170.00. Defendants appealed from the judgments in favor of K. C. Bonner and Lela Mae Fleming, and the plaintiff, Lela Mae Fleming, answered the appeal, praying for an increase in the amount of the judgment in her favor to the sum of $2,691.15.
The appeal in this case is restricted solely to the question of quantum. Appellant contends that the damages awarded the plaintiffs, Bonner and Lela Mae Fleming, are excessive and it is suggested in briefs on behalf of appellant that the damages awarded the plaintiff, Bonner, should be decreased by $5,000.00, and the damages awarded the plaintiff, Lela Mae Fleming, should be decreased by $1,000.00.
The accident happened in the early morning of December 25, 1947, and all plaintiffs were immediately removed to St. Francis Sanitarium for treatment where it was found that only Bonner and Miss Lela Mae Fleming were seriously injured.
A breakdown of the judgments awarded to plaintiffs, who are before this Court in the role of appellees, discloses the fact that of the sum of $7,566.65 awarded Bonner, the amount of $1,566.65 represented property damage to his car, doctors, hospital, medical expenses and loss of salary, none of which amount was questioned by *Page 544 
appellants. The remainder of the award, amounting to $6,000.00, which was based on an allowance for pain and suffering, is strenuously contested. Similarly, with respect to the judgment in favor of Lela Mae Fleming, the amount of $191.15, representing the actual expenses and loss of earnings is uncontested, and only the sum of $1,500.00 which was awarded for pain and suffering is called into question.
Briefly summarizing the injuries of the respective parties for the purpose of this opinion, it is established that Bonner was the victim of severe multiple injuries consisting of a serious brain concussion, a fracture of the lower jaw, particularly described as being a fracture of the left mandible at or near the junction of the condyle with the ramus; a fracture of the patella of the right knee; abrasions and scars on the face and knee. At the time of admission to the hospital Bonner was in such serious condition that the attending physician expressed the opinion he would not live through the night. He remained in a state of unconsciousness, or semi-consciousness, for a period of some forty-eight hours; his lungs were congested, and his abdomen was rigid, which conditions, together with the brain concussion, endured for a period of several days. Bonner remained in the hospital for a period of eleven days, during which time he was given heroic treatment and, upon discharge from the hospital, he was confined to his bed for a period of several weeks. In the course of treatment of the fracture of the jaw, it was necessary to wire his jaws together, which position of immobilization was maintained for some six weeks more or less, during which time he could speak only with difficulty and was forced to remain on a liquid diet. The chip fracture of the patella of the right knee was not discovered until several months after the accident when an x-ray disclosed the nature of this injury after Bonner continued for this period to suffer considerable pain and discomfort in the knee area.
Even without specific evidence on the point, the fact that this plaintiff suffered agonizing pain for a considerable period of time would be obvious. The testimony of plaintiff and his medical attendants is convincing on the point, and the only question before the trial judge in this respect involved the fixing of a sum in the nature of damages commensurate with his estimate of the severity of the pain and suffering experienced by the plaintiff.
Unfortunately, there is no guide nor measure to which courts may resort as an aid in a determination of this imponderable element of pain and suffering. No sane person would subject himself to the infliction of injuries which would bring him to the very brink of death itself and through an ensuing period of severe pain solely for the purpose of procuring a monetary award. We dare say that this plaintiff would not again willingly undergo this experience for a pecuniary benefit of many times the amount awarded in this instance.
To justify a change in the award made it would be incumbent upon us to point out some manifest error on the part of our learned brother of the district court, who heard the testimony of the witnesses and observed the plaintiff at first hand. This we are unable to do and it necessarily follows that the judgment should remain undisturbed. The injuries sustained by Miss Fleming were less severe. She suffered from a mild concussion, a bad cut over her left eyebrow about four inches in length, and severe bruises to her ankles. The cut over the eyebrow healed satisfactorily but left what is described as a hairline scar. One of the sensory nerves was severed and as a result a considerable area of the left side of the young woman's head was left numb, and, according to the medical testimony, will likely remain permanently without feeling. Miss Fleming remained in the hospital for only a period of some two or three days and her recovery was uneventful.
It is urged that the injuries described were not of a grave nature, did not result in any extended period of suffering, and that, accordingly, the award is excessive. Conversely, in answering the appeal, it is argued on behalf of Miss Fleming that the amount of the judgment is inadequate.
We appreciate the fact that a permanent scar on a woman's face, no matter *Page 545 
how slight it may be, is a matter of the utmost concern to her. Likewise it is evident that an area of numbness in the scalp is a source of discomfort and annoyance. Under these circumstances we cannot justify a reduction in the amount of the award. Neither can we say that the trial judge was guilty of manifest error in the other extreme by awarding an inadequate sum. Under the circumstances we are satisfied that the amount of the judgment does substantial justice, and, accordingly, we refrain from any disturbance thereof.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.
TALIAFERRO, KENNON, and HARDY, JJ., sitting.